IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| KENNETH CHIARAMONTE, <br><br> Plaintiff, <br><br> v. <br><br> HAVERTY FURNITURE COMPANIES, INC.[1], <br><br> Defendant. | Case No. 1:24-CV-02373-LMB-IDD |

**MEMORANDUM OF LAW IN SUPPORT OF**
**DEFENDANT HAVERTY FURNITURE COMPANIES, INC.'S**
**MOTION TO DISMISS PLAINTIFF'S COMPLAINT WITH PREJUDICE**

Defendant Haverty Furniture Companies, Inc. ("Havertys") hereby files this Memorandum of Law in support of its Motion to Dismiss Plaintiff's Complaint With Prejudice.

**NATURE OF THE CASE**

Plaintiff's Complaint alleges violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000, *et seq.* ("Title VII") and the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.* ("ADA"). In particular, Plaintiff alleges disparate treatment in violation of Title VII and the ADA, hostile work environment in violation of Title VII, failure to accommodate in violation of the ADA, and retaliation under both Title VII and the ADA. As outlined below, all of Plaintiff's claims must be dismissed under Fed. R. Civ. P. 12(b)(6), and they should be dismissed with prejudice.

---

[1] Plaintiff identifies the defendant as "Haverty's Furniture Company's". Havertys has provided its correct name in the above caption.

## STATEMENT OF FACTS[2]

Plaintiff is a former Havertys employee. (Compl. at 11.) Plaintiff's Complaint is devoid of any relevant factual allegations, but Plaintiff attached to his Complaint a letter that his prior counsel sent to the EEOC in which Plaintiff alleged that his co-workers made inappropriate comments to him, and that the Havertys' General Manager at the store, Kyle Yoder, caused him to lose unidentified customer sales. (*Id.*) Plaintiff alleges he complained about this conduct and he was later terminated. (*Id.*)

Plaintiff also alleges that he suffers from unspecified depression and anxiety and that, in February 2023, he informed Havertys that he needed a leave of absence due to a physical injury and ongoing mental and physical health issues. (*Id.*) Havertys approved Plaintiff's request for leave from February 22, 2023 through March 22, 2023. (*Id.*) Plaintiff claims he was not scheduled to work on March 22, 2023 and, therefore, was not a "no call, no show" on that date or on April 9, 2023. (*Id.* at 12.)

Plaintiff's Complaint alleges nothing about how his alleged mental or physical health issues have affected any major life activity; how his alleged – but unspecified – disabilities were not accommodated; or how he was subjected to disparate treatment because of his alleged disability or race. Plaintiff also makes no connection between any protected activity and his termination.

## ARGUMENT AND CITATION OF AUTHORITIES

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556

---

[2] For purposes of this Motion only, Havertys assumes as true the well-pled facts of the Complaint. Havertys reserves the right to dispute these facts for all other purposes.

2

U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A plaintiff's allegations must raise a right to relief above the speculative level. Although a plaintiff need not plead detailed factual allegations, he must rely on "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 545.

### I.  PLAINTIFF'S REBUTTAL LETTER SHOULD BE IGNORED.

Plaintiff attaches to his Complaint a rebuttal letter to the EEOC and purports to rely on the statements in that letter without alleging a single fact in his actual Complaint. (Compl. at 7.) However, this is not sufficient to state a claim for relief. *See e.g.*, *Chilsolm Mountaire Farms of N.C. Corp.*, 629 F. Supp. 3d 368, 372 (2022) (finding that "[t]he court can . . . properly consider 'documents attached to or referenced in the complaint, as well as those attached to the motion to dismiss" that is only "so long as those documents are '**integral to and explicitly relied on in the complaint**'") (emphasis added). There are no facts or allegations in the complaint which rely on Plaintiff's rebuttal letter because Plaintiff has not stated any facts or allegations in his Complaint. Instead, Plaintiff merely lists his claims and then references his rebuttal letter.

Additionally, Plaintiff's Complaint references his "position statement . . . and rebuttal" but only attaches part of the rebuttal. Therefore, Plaintiff cannot rely on his "position statement" at all, and at most has referenced an incomplete rebuttal letter. Moreover, the rebuttal letter fails to support any factual statement in the Complaint given that the Complaint is utterly devoid of factual allegations pertaining to Plaintiff's claims.

For these reasons, Plaintiff's rebuttal letter should be ignored. If, however, the Court takes the allegations in Plaintiff's rebuttal letter as true and sufficiently incorporated, the contents of the letter are still not enough to state a claim for relief.

## II.     **PLAINTIFF FAILS TO STATE A CLAIM FOR DISPARATE TREATMENT UNDER TITLE VII.**

To establish disparate treatment under Title VII, Plaintiff must plead facts plausibly alleging: "(1) membership in a protected class; (2) satisfactory job performance; (3) adverse employment action; and (4) different treatment from similarly situated employees outside the protected class." *See Cosby v. South Carolina Probation, Parole & Pardon Services*, 93 F.4th 707, 714 (4th Cir. 2024) (finding male comparators were not similarly situated to female plaintiff for purposes of disparate treatment claim where it was not alleged that they engaged in the same misconduct as plaintiff) (citation omitted). While Plaintiff may be a member of a protected class (he has alleged he is "half Hispanic" and male), Plaintiff alleges nothing regarding how he was subjected to an adverse employment action to which similarly situated employees outside of his protected class were not.

Plaintiff merely makes the conclusory statement that Mr. Yoder would "give his sales to Black employees" and "would fail to impose the 15-minute rule for [Plaintiff's] sales while enforcing the rule for [Plaintiff's] non-white peers," but he fails to allege facts to suggest race was a motivating factor in who received sales, or how the unidentified "15-minute rule" was enforced. Plaintiff has alleged no facts surrounding how his sales were given away, what the "15-minute rule" is and why it would cause a loss of sales, or how Plaintiff was meeting Havertys' expectations such that the alleged loss of sales was attributable to Havertys' actions and not to Plaintiff's own behavior on the job.

Plaintiff must plausibly allege that he lost sales because of his race, unlike similarly situated non-white employees, but Plaintiff has failed to do so. *See e.g.*, *Coleman v. Maryland Court of Appeals*, 626 F.3d 187, 190-91 (4th Cir. 2010) (finding that conclusory allegations about a white co-worker not being disciplined for the same general conduct as plaintiff was not enough to

4

plausibly establish that the alleged comparators were actually similarly situated or that race was the true basis for plaintiff's termination); *see also Rivera v. U.S. Department of Defense*, No. 3:24cv646, 2024 WL 4894848, at *5 (E.D. Va. Nov. 26, 2024) (dismissing Title VII disparate treatment claim where plaintiff did nothing more than speculate vis-à-vis "naked allegations" that he was discriminated against due to his race because he was the only Hispanic person in his department with his job position).

Because Plaintiff has failed to plausibly allege the elements necessary for a disparate treatment claim, that claim should be dismissed with prejudice.

### III.   PLAINTIFF FAILS TO STATE A CLAIM FOR ADA DISCRIMINATION.

To establish a *prima facie* case of disability discrimination under the ADA, Plaintiff must show that: (1) he is a "qualified individual with a disability"; (2) he suffered an adverse employment action; (3) he was "fulfilling his employer's legitimate expectations at the time of discharge"; and (4) "the circumstances of his discharge raise a reasonable inference of unlawful discrimination." *Reynolds v. Am. Nat'l Red Cross*, 701 F.3d 143, 150 (4th Cir. 2012) (quotation omitted).

First, Plaintiff has not pled facts showing that he is a qualified individual with a disability. The ADA defines "disability" as a "physical or mental impairment that *substantially limits* one or more major life activities." *Israelitt v. Enterprise Services LLC*, 78 F.4th 647, 654 (4th Cir. 2023) (citing 42 U.S.C. § 12102(1)(A)) (emphasis in original). Plaintiff has alleged that he has anxiety and depression, but says nothing of how those alleged conditions substantially limit any major life activity. Garden variety anxiety and depression, without impeding any significant life activities, do not suffice to qualify Plaintiff as disabled under the ADA. *Id.* (finding that a plaintiff with an arthritic toe joint which could limit plaintiff's ability to walk, but which did not in fact limit

5

plaintiff's ability to walk, was a "minor" limitation and therefore plaintiff was not an individual with a disability as defined by the ADA). Because Plaintiff has failed to plead facts showing that he suffers from a disability which substantially impairs a major life activity, Plaintiff's ADA discrimination claim fails as a matter of law.

Second, Plaintiff does not allege a single fact demonstrating that he was fulfilling Havertys' expectations at the time of his discharge. There is nothing that shows Plaintiff was performing well at his position or even performing the bare minimum. As such, Plaintiff's claim fails.

Finally, Plaintiff's ADA discrimination claim must be dismissed because he has not alleged any fact connecting his termination (or any other adverse employment action) to his alleged disability. To the contrary, Plaintiff's only claimed request for accommodation (a one month leave of absence in early 2023) was admittedly **granted**. (Compl. at 11.) Although Plaintiff disputes the grounds for his termination and agues he was never a "no call, no show", that is not sufficient to allege that his employment was terminated because of his alleged disability.

As a result of Plaintiff's failure to plead any of the elements of ADA discrimination, Plaintiff's claim should be dismissed with prejudice.

### IV. PLAINTIFF HAS NOT STATED A CLAIM FOR A HOSTILE WORK ENVIRONMENT.

Plaintiff alleges that two coworkers, "Mary and Elizabeth," made "discriminatory and racially motivated remarks to [Plaintiff] and about customers of color." (Compl. at 11.) In support of that allegation, Plaintiff points to a total of three allegedly inappropriate comments. (*Id.*) In particular, Plaintiff asserts that "Mary" referred to a Hispanic customer and Black employee in derogatory terms and made a comment implying a distrust of Black customers. (*Id.*) Plaintiff does not say how many times or how frequently his co-worker, "Mary", allegedly made those comments. Plaintiff also says nothing about any comments made by his other co-worker,

"Elizabeth". And, Plaintiff's other allegations – that "Mary" told Plaintiff that he should handle sales for Mexican customers because he is "half Hispanic" and that "Mary" called Hispanic customers "your people" – also do not rise to the level of egregiousness necessary to plausibly allege a hostile work environment.

"To state a claim for hostile work environment under Title VII, a plaintiff must plead that the conduct [he] complains of (1) was unwelcome; (2) was based on [his] membership in a protected class; (3) was sufficiently severe or pervasive to alter the conditions of [his] employment and to create an abusive work environment; and (4) was imputable to [his] employer." *Coleman v. Kettler Mgmt.*, No. 1:22-CV-84 (RDA/JFA), 2022 WL 17585780, at *7 (E.D. Va. Dec. 12, 2022) (dismissing race-based hostile work environment claim for failure to state a claim) (citing *Okoli v. City of Baltimore*, 648 F.3d 216, 220 (4th Cir. 2011)).

Based on the sparse and conclusory facts alleged by Plaintiff, he has not plausibly alleged an environment plagued by conduct so severe or pervasive that it altered the conditions of his employment. Plaintiff alleges three comments by one co-worker, made an unknown number of times, and at an unknown rate. Consequently, Plaintiff cannot claim that he suffered a hostile work environment on the basis of race. *See e.g.*, *Evans v. Capitol Broadcasting Co., Inc.*, 716 F. Supp. 3d 387, 402-03 (E.D.N.C. 2024) (finding that derogatory comments about African Americans, plaintiff's Islamic faith, minorities, and the LGBTQ community, but with few specific instances and some of which, while "rude, insensitive, and derogatory," reflected a differing social view, did not support a claim for Title VII hostile work environment). "Simple teasing, sporadic rude language, offhand comments, jokes related to a protected status, and isolated incidents (unless extremely serious) will not amount to discriminatory changes in the terms and conditions of employment." *Id.* at 403 (citations omitted). "Title VII . . . [does] not create 'a general civility

7

code for the American workplace.'" *Id.* at 402-03 (quoting *Oncale v. Sundowner Offshore Services, Inc.*, 523 U.S. 75, 80 (1998)).

Given the dearth of factual information provided by Plaintiff about the alleged hostile work environment he experienced, Plaintiff does not plausibly state a claim showing harassment so severe and pervasive that it changed the conditions of Plaintiff's employment.

Plaintiff also fails to allege facts to impute the alleged hostile work environment to Havertys. Plaintiff does not allege, for example, that he complained to Havertys and Havertys failed to investigate the complaint and take prompt and appropriate remedial action. *See Coleman*, 2022 WL 17585780, at *8 ("To impute liability to an employer for an employee's harassment, a plaintiff must demonstrate that after having acquired actual or constructive knowledge of the harassing conduct, the employer had taken no prompt and adequate remedial action to correct it.") (internal quotations and citations omitted).

As a result, his hostile work environment claim should also be dismissed with prejudice.

## V. **PLAINTIFF FAILS TO STATE A CLAIM FOR FAILURE TO ACCOMMODATE.**

To state a claim for failure to accommodate, Plaintiff must show "(1) that he was an individual who had a disability within the meaning of the statute; (2) that the employer had notice of his disability; (3) that with reasonable accommodation he could perform the essential functions of the position . . .; and (4) that the employer refused to make such accommodations." *Wilson v. Dollar Gen. Corp.*, 717 F.3d 337, 345 (4th Cir. 2013) (internal quotation omitted).

As discussed above, Plaintiff has not pled sufficient facts to suggest he is an individual with a disability as defined by the ADA. *See e.g.*, *Rohan v. Networks Presentations LLC*, 375 F.3d 266, 274-75 (4th Cir. 2004) (finding that plaintiff with depression and PTSD diagnoses was nevertheless not disabled because those impairments did not substantially limit major life

8

activities).

Moreover, Plaintiff alleges nothing about how Havertys refused to accommodate him. Plaintiff only alleges that he requested and **was approved** for a leave of absence from February 22 through March 22, 2023. (Compl. at 11.) Consequently, there is nothing plausibly showing that Plaintiff requested an accommodation and was denied. Instead, Plaintiff admits that his request for accommodation was approved.

As such, Plaintiff's claim for failure to accommodate under the ADA should be dismissed with prejudice.

### VI.    PLAINTIFF FAILS TO STATE A CLAIM FOR RETALIATION UNDER THE ADA OR TITLE VII.

To establish a *prima facie* case of retaliation under either Title VII or the ADA, Plaintiff must show that (1) he engaged in a protected activity; (2) the employer took an adverse employment action against him; and (3) there was a causal connection between the protected activity and the adverse action. *Coleman v. Maryland Court of Appeals*, 626 F.3d 187, 190 (4th Cir. 2010) (dismissing Title VII retaliation claim); *see also A Soc'y Without A Name v. Virginia*, 655 F.3d 342, 350 (4th Cir. 2011) (discussing ADA retaliation claim).

Plaintiff has not plausibly alleged Title VII or ADA retaliation. Both Title VII and ADA retaliation claims must be established with but-for causation, meaning "the unlawful retaliation would not have occurred in the absence of the alleged wrongful action or actions of the employer." *Univ. of Tex. Sw. Med. Ctr. v. Nassar*, 570 U.S. 338, 360 (2013).

Plaintiff has not alleged any facts connecting his alleged protected activity (complaining about a purported hostile work environment and requesting a leave of absence) with his termination, which Plaintiff admits was due to Havertys' belief that Plaintiff violated its attendance policy. (Compl. at 12.) Because Plaintiff has not alleged anything showing a causal connection

between his alleged protected activity and his termination, Plaintiff's retaliation claims should be dismissed with prejudice.

## CONCLUSION

For the foregoing reasons, Defendant Haverty Furniture Companies, Inc. respectfully requests that the Court grant its Motion to Dismiss and enter an order dismissing Plaintiff's Complaint with prejudice.

Dated:  February 4, 2025                             Respectfully submitted,

_____
Morgan R. Pankow (VSB No. 90964)
HOLLAND & KNIGHT LLP
1650 Tysons Boulevard, Suite 1700
Tysons, Virginia  22102
Tele: (703) 720-8600
Fax: (703) 720-8610
morgan.pankow@hklaw.com


Todd D. Wozniak (*pro hac vice* forthcoming)
MacKenzie Gansert (*pro hac vice* forthcoming)
HOLLAND & KNIGHT LLP
1180 West Peachtree Street NW, Suite 1800
Atlanta, Georgia 30309
Tele: (404) 817-8500
Fax: (404) 881-0470
todd.wozniak@hklaw.com
mackenzie.gansert@hklaw.com

*Counsel for Defendant*
*Haverty Furniture Companies, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 4th day of February, 2025, in addition to electronically filing a true and correct copy of the foregoing through the Court's CM/ECF system, copies thereof were sent via first-class U.S. Mail to:

Kenneth Chiaramonte, *Pro Se*
2 M Street NE, Unit 1212
Washington, D.C. 20002
k.chiaramonte@icloud.com

   /s/ *Morgan R. Pankow*
Morgan R. Pankow (VSB No. 90964)